UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

THE ESTATE OF ROBERT LAWRENCE
REYNOLDS, *represented by his widow Linda
Lee Collier as Personal Representative*, and
LINDA LEE COLLIER *in her individual capacity*,

      Plaintiffs,

v.                                                                                 Civ. No. 23-206 DLM/GJF

UNITED STATES GOVERNMENT,
DEPARTMENT OF VETERANS AFFAIRS, and
UNKNOWN PERSONS 1-100,

      Defendants.

## ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS

Plaintiff, who is proceeding *pro se*, filed an Application to Proceed in District Court Without Prepaying Fees and Costs (Short Form) [ECF 2] ("Short Form Application"). The Court notified Plaintiff that the Short Form Application does not provide the Court with sufficient information to determine whether Plaintiff is unable to pay the required fees. *See* ECF 5. The Court thus ordered Plaintiff to file an Application to Proceed in District Court Without Prepaying Fees and Costs (Long Form) ("Long Form Application"). *See id.* Plaintiff filed this Long Form Application [ECF 6] approximately two weeks later.

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed. App'x. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d

58, 60 (10th Cir. 1962)). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Long Form Application. Plaintiff signed an affidavit stating she is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's average monthly income during the past 12 months is $1,437.00; (ii) Plaintiff's monthly expenses total $1,433.37; (iii) Plaintiff has $2.52 in cash and $2.52 in bank accounts; and (iv) Plaintiff has been ill for the past 2 ½ years and has increasing medical expenses. The Court finds Plaintiff is unable to pay the costs of this proceeding because she signed an affidavit stating she is unable to pay the costs of these proceedings and her monthly expenses are approximately equal to her low monthly income.

Because it is granting Plaintiff's Long Form Application, the Court denies Plaintiff's Short Form Application as moot.

**IT IS THEREFORE ORDERED** that:

(1) Plaintiff's Long Form Application [ECF 6] is **GRANTED**; and

(2) Plaintiff's Short Form Application [ECF 2] is **DENIED AS MOOT**.

SO ORDERED.

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE