IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

THE ESTATE OF ROBERT LAWRENCE REYNOLDS,
*Represented by his widow* LINDA LEE COLLIER *as Personal Representative*; and LINDA LEE COLLIER *in her individual capacity*,

      Plaintiffs,

v.                                                                                                   No. 2: 23-cv-0206 DLM/GJF

UNITED STATES GOVERNMENT,
DEPARTMENT OF VETERANS AFFAIRS,
and UNKNOWN PERSONS 1–100,

      Defendants.

## MEMORANDUM OPINION AND ORDER

According to the Complaint filed by pro se Plaintiffs Linda Lee Collier and the Estate of Robert Lawrence Reynolds, Decedent Robert Reynolds was admitted to the Veterans Affairs (VA) Medical Center for unspecified medical treatment. While he was there, he contracted Covid 19. On July 17, 2020, Reynolds died at the VA Medical Center due to an acute ischemic stroke and Covid 19. Plaintiffs filed suit under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b), against Defendants the United States Government, the Department of Veterans Affairs, and unnamed Defendants. Although the Complaint is not entirely clear, the Court liberally construes it to assert claims for: (1) wrongful death; (2) personal injury; (3) loss of consortium; and (4) prejudgment interest.

The United States moves to dismiss Defendants Department of Veterans Affairs and the unnamed Defendants on the basis that they are improper parties. (Doc. 20.) Plaintiffs fail to respond to this motion. The Court will grant this motion and dismiss with prejudice all defendants except the United States.

The United States also moves to dismiss the claims for personal injury and prejudgment interest.[1] (Doc. 21.) The Court agrees that Plaintiffs are not entitled to prejudgment interest and will dismiss that claim with prejudice. The Court will also grant the motion to dismiss the personal injury claim but will allow Plaintiffs 15 days to move to amend as described below. Plaintiffs' remaining claims include the Estate's wrongful death claim and Linda Lee Collier's loss of consortium claim.

I.   **Factual and Procedural Background**

Robert Lawrence Reynolds was a United States Air Force veteran who received allegedly deficient treatment from the United States Department of Veterans Affairs (VA) for a wide variety of medical problems, including an allegedly improperly treated diagnosis of "bilateral leg edema secondary to chronic venous stasis." (Doc. 1 ¶¶ 3–4, 7, 27–35.) The Reynolds Estate asserts Reynolds was admitted to the Raymond G. Murphy Department of Veterans Affairs Medical Center in Albuquerque New Mexico for unspecified treatment. (*Id.* ¶ 32.) Plaintiffs allege that Reynolds did not have Covid 19 prior to his admission. (*Id.*) They further claim Reynolds died as a result of an acute ischemic stroke and Covid 19 because the VA breached its duty of ordinary and reasonable care and did not treat him consistent with accepted medical standards. (*See id.* ¶¶ 28–29, 32.)

On March 10, 2023, a two-count complaint was filed on behalf of the Reynolds Estate and Linda Lee Collier Decedent Reynold's widow. (Doc. 1.) Although they are now represented by counsel, Plaintiffs submitted the Complaint pro se. (*See* Docs. 1; 16.) The Complaint states two counts against the United States. Count 1 is brought under the FTCA on behalf of the Reynolds

---

[1] The United States originally moved to dismiss on the basis that Plaintiffs' wrongful death and personal injury claims should be dismissed for failure to exhaust administrative remedies. (Doc. 21 at 6–9.) After Plaintiffs responded and submitted proof that they had filed the appropriate SF-95 forms to exhaust their administrative remedies (*see* Doc. 22 ¶¶ 3–4), the United States withdrew its argument on this point (*see* Doc. 23 at 1).

Estate for negligence resulting in personal injury and wrongful death. (Doc. 1 at 4.) Count 2 is a loss of consortium claim and appears to be brought on behalf of the Reynolds Estate and Plaintiff Collier and requests damages. (*See id.* ¶¶ 6.) In the Complaint's Prayer for Relief the Plaintiffs seek various categories of damages to include prejudgment interest.

On July 5, 2023, the United States filed its Motion to Dismiss Party seeking dismissal of the VA, Unknown Persons 1–100, and further requests that these named Defendants be removed from the case caption. (Doc. 20.) As grounds the United States argues that under the FTCA it is the only proper party. (*Id*. at 1.) The Plaintiffs did not file a response to this motion.

On the same day the United States also filed its Motion to Dismiss in Lieu of Answer. (Doc. 21.) The United States argues this Court does not have subject matter jurisdiction over the personal injury claim brought in Count 1 on behalf of the Reynolds Estate because New Mexico law does not allow a cause of action related to the personal injury of a deceased individual. (*Id.* at 9.) The United States further requests dismissal of the Plaintiffs' request for prejudgment interest on the basis that the FTCA does not allow for such relief. (*Id*. at 11.) The Plaintiffs' pro se Response only addresses a now withdrawn argument concerning failure to exhaust administrative remedies. (Docs. 22–23.)

## II.  Legal Standards

### A. Establishing Jurisdiction

The existence of subject matter "jurisdiction [must] be established as a threshold matter…" *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) (citation omitted). Federal court have limited jurisdiction and they may consider only cases "authorized and defined in the Constitution . . . [and] entrusted to them under a jurisdictional grant by Congress." *Murphy v. United States*, No. CIV 20-557 GBW/SMV, 2020 WL 6939716, at *2 (D.N.M. Nov. 25, 2020),

*modified*, 2020 WL 7342671 (D.N.M. Dec. 14, 2020) (quoting *Henry v. Off. of Thrift Supervision*, 43 F.3d 507, 511 (10th Cir. 1994)). "[T]he party invoking federal jurisdiction bears the burden of establishing its existence." *Id.* (quoting *Steel Co.*, 523 U.S. at 104).

### B. The FTCA and Sovereign Immunity

Courts have jurisdiction over suits against the United States only to the extent the United States has consented to be sued. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *United States v. Sherwood*, 312 U.S. 584, 586 (1941). Under the FTCA, federal courts have jurisdiction over personal injury or wrongful death claims against the United States based on a government employee's negligence, wrongful act, or omission *only if* a private person would be liable for the same conduct in the state where injury or death occurred. *See* 28 U.S.C. §§ 1346(b)(1), 2674. This is known as the "private person analog." *See, e.g.*, *Murphy*, 2020 WL 6939716, at *7. Under no circumstances, however, is the United States liable for prejudgment interest. *See* 28 U.S.C. § 2674.

### C. Rule 12(b)(1)

Under Federal Rule of Civil Procedure 12(b)(1), a party may seek to dismiss a claim against it for lack of subject matter jurisdiction. If a party argues jurisdiction does not exist based solely on the allegations in the complaint, a court must presume the truth of those allegations and determine whether those facts and any reasonable inferences in the plaintiff's favor establish jurisdiction. *See Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995), *abrogated on other grounds by Cent. Green Co. v. United States*, 531 U.S. 425, 437 (2001). Where, however, jurisdiction question depends on a substantive issue, the court must convert a motion to dismiss under Rule 12(b)(1) into a motion to dismiss for failure to present a claim under Rule 12(b)(6). *See Bell v. United States*, 127 F.3d 1226, 1228 (10th Cir. 1997). Whether the United States has consented to be sued under the FTCA is one such instance involving a jurisdictional question that

depends on a substantive issue. *See id.*; *Redmon v. United States*, 934 F.2d 1151, 1155 (10th Cir. 1991).

    D.  **Rule 12(b)(6)**

"To survive dismissal under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Murphy*, 2020 WL 6939716, at *4 (quoting *Leverington v. City of Colo. Springs*, 643 F.3d 719, 723 (10th Cir. 2011) (quotation marks omitted). To state a plausible claim, a complaint does not need detailed factual allegations but requires more than a recitation of the elements of the claim or mere conclusory statements. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When determining whether a claim is plausible, a court assumes the facts in the complaint are true and draws all reasonable inferences in the plaintiff's favor, but it does not accept legal conclusions. *See Leverington*, 643 F.3d at 723; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). Indeed, a complaint may survive a Rule 12(b)(6) motion even if it is unlikely a plaintiff will be able to prove the facts alleged. *See Murphy*, 2020 WL 6939716, at *4. In other words, all a complaint must do is include allegations that, assuming they are true, make the claim for relief more than merely speculative, even if it is ultimately unlikely, they can be proven to be true. *See Twombly*, 550 U.S. at 556.

    E.  **Pro Se Litigants' Pleadings**

Although Plaintiffs are now represented by counsel, the Court will analyze the Complaint under a pro se standard. *See Gulas v. White*, No. CIV 06-0340 JH/LFG, 2008 WL 11451475, at *2 (D.N.M. June 19, 2008) (analyzing a complaint under the liberal pro se standard despite the

5

plaintiffs being counseled when the motion was decided). In reviewing a pro se plaintiff's allegations, the Court applies the same legal standards applicable to pleadings that counsel drafts but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520–21 (10th Cir. 1992). In other words, although the law the Court will apply to the case remains the same, a pro se plaintiff's "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall*, 935 F.2d at 1110 (citations omitted). The latitude granted to pro se litigants extends beyond their pleadings, and courts are generally "lenient with pro se litigants . . . ." *Quarrie v. Wells*, Civ. No. 17-350, 2020 WL 1683450, at *3 (D.N.M. April 6, 2020) (quoting *Jiron v. Swift*, 671 F. App'x 705, 706 (10th Cir. 2016)).

### III. Analysis

The Court will first rule on the United States' Motion to Dismiss Party (Doc. 20) and then turn to its Motion to Dismiss in Lieu of an Answer. (Doc. 21.)

   **A. Because the United States is the proper Defendant in a suit brought under the FTCA, the Court will grant its Motion to Dismiss Party and dismiss the VA and Unknown Persons 1-100.**

The United States asserts that it is well-established that "[t]he United States is the only proper defendant in an FTCA action." (Doc. 20 at 1 (quoting *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 n.4 (10th Cir. 2001)).) Plaintiffs fail to argue otherwise. Under the Local Rules of the United States District Court for the District of New Mexico, Plaintiffs' failure to respond amounts to their consent to grant the motion. D.N.M.LR-Civ. 7.1(b).

Regardless, the law is on the United States' side. Where a suit is brought pursuant to the FTCA, "it is beyond dispute that the United States, and not the responsible agency or employee, is the proper party defendant." *Rehoboth McKinley Christian Healthcare Servs. Inc. v U.S. Dept. of Health & Human Servs.*, 853 F. Supp. 2d 1107, 1112 (D.N.M. 2012) (quoting *Galvin v.*

*Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988)). Courts have regularly held that government employees and agencies cannot be sued under the FTCA. *Id.*

Here the Plaintiffs have sued the United States, the VA, and Unknown Persons 1–100. While the United States is a proper party, the other Defendants are not. Accordingly, the Court will dismiss the VA and Unknown Persons 1–100 and order the Clerk's Office to amend the caption to list the United States as the only Defendant remaining in the case.

> **B. The Court will grant the United States' Motion to Dismiss in Lieu of Answer, dismiss The Estate's personal injury claim without prejudice and dismiss the Plaintiffs' claims for prejudgment interest with prejudice.**

In its Motion to Dismiss in Lieu of Answer (Doc. 21), the United States presents two arguments. First, the Court lacks subject matter jurisdiction over Plaintiffs' personal injury claim because New Mexico law does not permit personal injury claims separate from the cause of death. (Doc. 21 at 9–10.) Next it asserts that under the FTCA the United States is not liable for prejudgment interest. (*Id*. at 11.) In their response, Plaintiffs do not address either argument but focus solely on the now withdrawn argument of failure to exhaust administrative remedies. (*See* Docs. 22 at 1–2; 23 at 1–2.)

> i. *The Court will dismiss the Reynolds Estate's personal injury claim in Count 1 because a private person analog relating to personal injury which does not result in death does not exist under New Mexico law.*

In Count 1 of the Complaint the Estate asserts that Decedent Reynolds suffered personal injury. (Doc. 1, ¶¶ 26-35.) The United States argues that these claims for personal injuries should be dismissed for lack of subject matter jurisdiction because Plaintiffs have failed to state a claim showing the existence of a private person analog under New Mexico law that would hold a private person liable for the United States' acts or omissions. (Doc. 21 at 9–11.)

"[T]he determination of whether the FTCA excepts the government's actions from its

7

waiver of sovereign immunity involves both jurisdictional and merits issues." *See Pringle v. United States*, 208 F.3d 1220, 1223 (10th Cir. 2000) (quoting *Bell*, 127 F.3d at 1228). Accordingly, the Court will decide whether to dismiss Decedent's personal injury claim under the Rule 12(b)(6) standard. *See Murphy*, 2020 WL 6939716, at *7–9 (dismissing a claim under Rule 12(b)(6) on the basis that the plaintiff failed to establish a private person analog for his claims against the United States).

The Court must dismiss Plaintiffs' personal injury claim because New Mexico law only permits claims for personal injury of a decedent when the injuries relate to the cause of death itself. Here, Plaintiffs' Complaint fails to connect Decedent's personal injury claim to his cause of death.

The FTCA waives sovereign immunity solely where a private person would also be liable under local law—i.e., state law. *See Murphy*, 2020 WL 69339716, at *7; *United States v. Olson*, 546 U.S. 43, 44 (2005). In determining whether a private person would be liable, a court does not restrict its analysis to whether a state law imposes liability for circumstances identical to those for which the plaintiff is seeking to hold the government liable. *See Olson*, 546 U.S. at 46. Instead, a court must determine whether a state law exists making a private person liable under analogous circumstances. *See, e.g.*, *Indian Towing Co. v. United States*, 350 U.S. 61, 64–65 (1955) (analogizing the Coast Guard's duty to inspect lighthouse lights to ensure boats' safety with "hornbook tort law that one who undertakes to warn the public of danger and thereby induces reliance must perform his 'good Samaritan' task in a careful manner"). And because Plaintiffs allege that the conduct entitling them to relief occurred in New Mexico, that State's law determines whether the United States is liable. *See JGE v. United States*, CV 14-710 MV/WPL, 2016 WL 7438011, at *10 (D.N.M. Aug. 9, 2016).

"The [New Mexico Wrongful Death] Act is the exclusive remedy governing wrongful

death actions in New Mexico." *Romero v. Byers*, 872 P.2d 840, 845 (N.M. 1994) (citation omitted). The Act states:

> Whenever the death of a person is caused by the wrongful act, neglect or default of another . . . then . . . the person . . . who . . . would have been liable, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured.

N.M. Stat. Ann. § 41-4-2. Personal injury recovery under the Wrongful Death Act is limited to the pain and suffering a decedent experienced between the time of injury and death. *See* UJI 13-1830 NMRA (providing for an award of damages, in relevant part, for "[t]he pain and suffering experienced by [the decedent] between the time of injury and death"); *see also Haceesa v. United States*, 309 F.3d 722, 734 (10th. Cir. 2002) ("Damages may be awarded [under the Wrongful Death Act] for . . . the decedent's conscious pain and suffering and medical and related care between the date of injury and death.") (citing N.M. Stat. Ann. § 41-2-1). In other words, the *only* circumstance under which a private person may be held liable for a decedent's personal injury claim is if that claim seeks damages for the pain and suffering a person experiences just prior to the time of death. *See, e.g.*, *Leon v. FedEx Ground Package System, Inc.*, No. CIV 13-1005 JB/SCY, 2016 WL 836978, at *6–8 (D.N.M. Feb. 11, 2026) (allowing photos of a decedent for the jury to determine his pain and suffering between the moment he was involved in a motor vehicle accident and his death resulting from that motor vehicle accident).

Count 1 of the Complaint alleges that Decedent Reynolds "suffered from a wide variety of medical problems, which were not properly addressed by the [VA]" and died of an "acute ischemic stroke and COVID 19" and that the VA "did not provide a proper treatment regimen for Decedent which resulted in a great deal of pain and suffering prior to his death." (Doc. 1 ¶¶ 7, 9, 30.) Based on those allegations, Plaintiffs seek damages because "[d]uring Decedent's lifetime he suffered pain and mental anguish; medical, health care and attendant expenses; physical impairment; loss

9

of consortium with his wife; loss of enjoyment of life; . . . other pecuniary damages[; and] other damages resulting from the loss of his life." (Doc. 1 at 7.)

Even construing the allegations liberally, the Complaint does not make it clear whether the claimed damages are related to Decedent's generalized medical problems or to his cause of death—acute ischemic stroke and COVID 19. (*See id.*) It is clear, however, that New Mexico law only awards damages for personal injury claims for "the decedent's conscious pain and suffering and medical and related care *between the date of injury and death*." *Haceesa*, 309 F.3d at 734 (emphasis added). Consequently, because the Plaintiffs' Complaint seeks damages that are seemingly unrelated to Decedent Reynold's cause of death, it fails to demonstrate that a private person could be liable under circumstances like those for which they seek to hold the United States liable. As a result, the United States retains its immunity, and this Court lacks subject matter jurisdiction over the personal injury claim. *See* 28 U.S.C. § 1346(b)(1). Therefore, the Court will dismiss the personal injury claim without prejudice under Rule 12(b)(6) because Plaintiffs fail to state a claim for relief.

The Court will, however, allow Plaintiffs an opportunity to amend the Complaint. Within 15 days of this Opinion, Plaintiffs may file a motion to amend. If the Court grants the motion, Plaintiffs may then file an amended complaint alleging facts sufficient to bring a personal injury claim related to the cause of death, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure. *See* D.N.M. LR-Civ. 15.1.

> ii. *The Court will dismiss with prejudice Plaintiffs' request for prejudgment interest because it is not available under the FTCA.*

The Court will consider the United States' Motion (Doc.21) concerning Plaintiffs' request for prejudgment interest under Rule 12(b)(1) because it relies only on the face of the Complaint, and there is no substantive issue to consider. *See Holt*, 46 F.3d at 1002.

In the Complaint's Prayer for Relief the Plaintiffs request, among other things, prejudgment interest. (Doc 1 at 7.) The United States correctly argues that this type of award is not allowed. (Doc 21 at 11.) The FTCA clearly precludes the availability of a party to recover prejudgment interest. 28 U.S.C. § 2674 ("The United States … *shall not be liable for interest prior to judgment*[.]") (emphasis added). Thus, Plaintiffs' request for prejudgment interest (Doc. 1 at 7) is directly contrary to the plain language of the FTCA, therefor, the Complaints request for prejudgment interest is dismissed for lack of subject matter jurisdiction under Rule 12(b)(1).

**IV.    Conclusion**

Because the United States is the proper party under the FTCA the Court will grant the United States' Motion to Dismiss Party (Doc. 20) and dismisses with prejudice all defendants except the United States. The Court will also grant the United States' Motion to Dismiss in Lieu of Answer (Doc. 21) and will dismiss the Reynolds Estate's personal injury claim in Count 1 without prejudice and dismiss the Plaintiffs' claim for prejudgment interest with prejudice.

**IT IS THEREFORE ORDERED** that the United States' Motion to Dismiss the Department of Veterans Affairs and Unknown Persons 1–100 and Amend the Caption (Doc. 20) is **GRANTED** and the Department of Veterans Affairs and Unknown Persons 1–100 are **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that the Clerk's Office shall amend the caption to list the United States as the only Defendant in this matter.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss in Lieu of Answer (Doc. 21) is **GRANTED as follows**: The Estate of Reynolds' claim for personal injury is **DISMISSED without prejudice** and Plaintiffs' request for prejudgment interest is **DISMISSED with prejudice**.

**FINALLY, IT IS ORDERED** that the Plaintiffs may file an Amended Complaint as provided herein within 15 days of the filing of this Opinion.

**IT IS SO ORDERED.**

_____
DAMIAN L. MARTINEZ
UNITED STATES MAGISTRATE JUDGE